# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLOYD LEE RAMSEY, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00168-NJR ) |
| MADISON COUNTY SHERIFF'S DEPARTMENT, MADISON COUNTY STATE'S ATTORNEY, and STACY LYNN SUMMERS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Floyd Lee Ramsey, Jr. filed suit in this Court under 42 U.S.C. § 1983, alleging that Defendants Madison County Sheriff's Department ("Sheriff's Department"), Madison County State's Attorney's Office ("State's Attorney's Office"), and Stacy Lynn Summers violated his constitutional rights in relation to his arrest and detention in the Madison County Jail. Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepaying the filing fee. (Doc. 2).

At the time he filed this complaint, Plaintiff was living in a personal residence, having been released from the Madison County Jail on March 9, 2017. (Doc. 1, p. 5). As such, Plaintiff does not meet the statutory definition of prisoner[1] for purposes of the IFP statute, which states that "[t]he

---

[1] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA), must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

1

term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so here. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Even liberally construed, a complaint must contain facts that are sufficient, when accepted as true, to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: At some unspecified time, Plaintiff was arrested after Summers (a registered nurse not employed by any state, local, or federal government agency) and unspecified members of the Sheriffs' Department broke into his house and "stag[]ed i[t] to make it look as if [Plaintiff] went bal[l]istic and lost [his] mind." (Doc. 1, p. 5). "They" filed a motion for his bond to be revoked and an arrest warrant was issued. (*Id.*).

2

Plaintiff was arrested on February 11, 2017. (*Id.*). The following day, Summers and the members of the Sheriff's Department broke in Plaintiff's house and stole business equipment, a truck, a washer and dryer, furniture and several other items. (*Id.*, pp. 5, 7-8).

Plaintiff alleges that he was held "without any charges ever being filed" until March 9, 2017. (*Id.*, p. 5). On the other hand, he states that "it went nolle pos" [*sic*] and that the "cases in which [he] was being held on were just dismissed." (*Id.*). Plaintiff attaches partial pictures of two orders of protection which Summers obtained against him in April 2016, which he alleges show that Summers "conspired with the States Attorney's to steal [his] property." (*Id.*, pp. 24-27).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution against Sheriff's Department, State's Attorney's Office, and Summers;
>
> **Count 2:** Fourteenth Amendment claim for deprivation of property without due process of law against Sheriff's Department, State's Attorney's Office, and Summers; and
>
> **Count 3:** State law tort claims for trespass and conversion against Sheriff's Department and Summers.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Counts 1 and 2

Plaintiff fails to state a claim against the Sheriff's Department or the State's Attorney's Office. Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). "Misbehaving employees are responsible for their own conduct, units of local government are responsible only for their policies rather than misconduct by their workers." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (*quoting Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)). The existence of municipal policy or custom can be shown in one of three ways: proof of an express policy causing the deprivation, a widespread practice constituting custom or usage that caused the deprivation, or causation of the loss by a person with final policymaking authority. *Kujawski v. Bd. of Comm'rs of Bartholomew Co.*, 183 F.3d 734, 737 (7th Cir. 1999)

Here, Plaintiff has not pled any facts to support a conclusion that the Sheriff's Department had a policy or custom relating to breaking into people's houses to provide a pretext for their arrest, causing arrest warrants to be issued based on such a pretext, or breaking into a detainee's home and stealing his property. Even interpreted as broadly and generously as possible, Plaintiff's bare allegations that "members" of the Sheriff's Department engaged in improper or illegal activities do not suggest a policy or custom on the Sheriff's Department exists, or that any of those allegedly involved were persons with final policymaking authority.[3] As such, no claim is stated against the Sheriff's Department.

---

[3] Further, it is unclear if Plaintiff could make out a civil rights claim against the individual members of the Sheriff's Department allegedly involved. A state officer's conduct does not constitute acting under color of state law unless it is "related in some way to the performance of the duties of the state office." *Honaker v.*

Plaintiff has similarly failed to plead a claim against the State's Attorney's Office. Plaintiff does not suggest any policy or custom of the State's Attorney's Office resulted in a deprivation of his rights. Further, prosecutors "are absolutely immune from suits challenging conduct intimately associated with the judicial phase of the criminal process." *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018). Plaintiff's claim that the State's Attorney's Office wronged him with regard to obtaining orders of protection against him and having him held on charges it later dismissed are therefore barred.

Plaintiff's Section 1983 claim against Summers also fails because she appears to be a private citizen. "To state a claim for relief in an action brought under § 1983, respondents must establish ... that the alleged deprivation was committed under color of state law." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Id.* Plaintiff pleads nothing to suggest that Plaintiff was acting under color of state law.

To the extent Plaintiff is attempting to allege that Summers was a state actor by virtue of conspiring with members of the Sheriff's Department or someone at the State's Attorney's Office, he has not alleged adequate facts to support such a claim. A private citizen can act under color of law if there is "evidence of a concerted effort between a state actor and that individual." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). "To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were

---

*Smith*, 256 F.3d 477, 484-85 (7th Cir. 2001) (internal quotations omitted). There is no indication here that the alleged actions of those individuals were in any way related to the performance of their official duties.

5

willful participant[s] in joint activity with the State or its agents." *Id.* (internal citations omitted). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Id.* at 458.

Here, Plaintiff has not pled any facts to support the bare allegation of agreement between Summers and any member of the Sheriff's Department or the State's Attorney's Office to violate his constitutional rights. Plaintiff may have state-law civil claims against Summers. The Complaint does not, however, raise a plausible allegation that any such wrongful conduct was committed under color of state law. As such, Counts 1 and 2 fail to state a claim upon which relief may be granted and thus they are dismissed without prejudice as to the Sheriff's Department and Summers, and with prejudice as to the State's Attorney's Office.

**Count 3**

In light of the dismissal of the claims which raise questions of federal law, the Court declines to exercise supplemental jurisdiction over the state law claims that can be gleaned from his factual allegations.

Federal courts are courts of limited jurisdiction. They "have the authority to adjudicate specific controversies between adverse litigants over which and over whom they have jurisdiction." *Cty. Court of Ulster Cty., N. Y. v. Allen*, 442 U.S. 140, 154 (1979). When district courts have original federal jurisdiction over some claims in a case, they may also exercise "supplemental jurisdiction" over related state law claims. 28 U.S.C. § 1367(a), *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015). When the federal claims which form the basis of the Court's jurisdiction are dismissed for failure to state a claim, however, the district court typically will dismiss without prejudice any state law claims so that they may be brought in state court. *See Domanus v. Locke*

*Lord LLP*, 847 F.3d 469, 483 (7th Cir. 2017); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998).

As the claims which form the basis for federal jurisdiction in this case have been dismissed without prejudice, the Court declines to retain jurisdiction over Plaintiff's state claims. As such, Count 3 is dismissed without prejudice.

### Motions for Recruitment of Counsel and Service of Process

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and Motion for Service of Process at Government Expense (Doc. 4) are **DENIED** as moot.

### Disposition

Although it appears that Plaintiff is sufficiently indigent to otherwise qualify for IFP status, his Complaint fails to state a claim upon which relief may be granted. As such, the Motion for Leave to Proceed *In Forma Pauperis* **(**Doc. 2) is **DENIED** without prejudice. Should he choose to submit an amended complaint, he may submit a renewed Motion to Proceed IFP.

**IT IS ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendant Madison County State's Attorney's Office is **DISMISSED** with prejudice from the case, and Defendants Madison County Sheriff's Department and Stacy Lynn Summers are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to terminate them from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

Plaintiff will have an opportunity to re-plead his claim, if he wishes to proceed with this action. When preparing his First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth sufficient allegations to describe what each defendant did, or failed to do, to violate his constitutional rights. To avoid dismissal of this action with prejudice, he must also follow the instructions and deadline in the below disposition. *See* FED. R. CIV. P. 41.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 16, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-000168-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 7/16/2019**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**